**Cesar Augusto Reyes DE LEON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73494.**

**Agency No. A72–126–463.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William A. Lawrence, San Francisco, CA, for Petitioner.

John Ashcroft, Attorney General, Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, William C. Peachey, Linda S. Wernery, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Cesar Augusto Reyes De Leon, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals, affirming without opinion the immigration judge's denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

** This disposition is not appropriate for publication and may not be cited to or by the

Reyes De Leon, a former primary school teacher, contends that the death threats he received from anti-government guerrillas compel a finding that he suffered past persecution on account of political opinion. Even if Reyes De Leon could establish past persecution, the government has rebutted the presumption of a well-founded fear based on Reyes De Leon's admission that he no longer fears persecution by the guerrillas. *See Baballah v. Ashcroft,* 335 F.3d 981, 992 (9th Cir.2003); 8 C.F.R. § 1208.13(b)(1)(i)(A).

In failing to qualify for asylum, Reyes De Leon necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION DENIED.**